Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 4533 | **DATE** | June 15, 2012 |
| **CASE TITLE** | Jimmy Houston (K-89866) vs. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to file *in forma pauperis* ("IFP") [3] is denied and his complaint is dismissed without prejudice. Plaintiff is given 30 days from the date of this order to: (1) pay the $350 filing fee, and (2) submit an amended complaint that states a valid 42 U.S.C. § 1983 claim. Plaintiff's failure to comply with this order will result in dismissal. The clerk shall send Plaintiff an amended complaint form.

■[ For further details see text below.]

Docketing to mail notices.

# STATEMENT

  Plaintiff Jimmy Houston, an inmate at Pinkneyville Correctional Center, has filed a 42 U.S.C. § 1983 suit naming Tom Dart, Cook County, and two officers named Brown as Defendants. Plaintiff alleges that, on April 27, 2012, he and other inmates were being transported to Stateville's Northern Reception Center when his bus collided with another bus transporting inmates. Plaintiff alleges that he injured his back, that he was returned to Cook County Jail, and that he was given only ibuprofen. Plaintiff seeks to sue the drivers of both buses, referring to each of them as Officer Brown. Tom Dart was named to assist with identifying and locating the drivers.

  Plaintiff's motion for leave to file *in forma pauperis* is denied for lack of a sufficient showing of indigence. Although Plaintiff does not include a copy of his trust fund statement, the certificate from an authorized officer indicates that he has $400 in his account. Because Plaintiff is a prisoner for whom the state provides the necessities of life, such assets do not qualify him for pauper status. 28 U.S.C. § 1915(b); *see also Longbehn v. United States*, 169 F.3d 1082, 1083 (7th Cir. 1999); *Lumbert v. Illinois Department of Corrections*, 827 F.2d 257, 260 (7th Cir. 1987); *Zaun v. Dobbin*, 628 F.2d 990, 993 (7th Cir. 1980). Plaintiff is financially able to pay the $350 filing fee and must do so if he wishes to proceed with this action. He may pay by check or money order made payable to Clerk, United States District Court. Failure to pay the filing fee within 30 days of the date of this order will result in dismissal of this case. *See Brekke v. Morrow*, 840 F.2d 4, 5 (7th Cir. 1988).

  Additionally, the complaint does not state a federal claim to support Plaintiff's § 1983 action in this Court. Although it is unfortunate that Plaintiff was involved in a vehicular accident, Plaintiff must be able to demonstrate that the officers acted with deliberate indifference to proceed with a civil rights action in this Court. *Rosario v. Brawn*, 670 F.3d 816, 821–22 (7th Cir. 2012). Deliberate indifference in the context of an automobile accident generally requires actions amounting to criminal recklessness, i.e., that the driver had actual knowledge that the manner he drove the vehicle posed a serious risk of harm and that he consciously disregarded that risk. *Hill v. Shobe*, 93 F.3d 418, 421 (7th Cir. 1996); *see also Blakemore v. Dart*, No. 12-1713, 2012 WL 1378676 at *2 (N.D. Ill. Apr. 20, 2012) (Kennelly, J.). Plaintiff's allegations indicate no such behavior. Plaintiff may have a negligence claim that he can file in state court, but he has stated no constitutional claim to support a § 1983 action in this Court.

| STATEMENT |
|---|
|     Accordingly, the complaint is dismissed.  If Plaintiff chooses to proceed in this Court, he must file an amended complaint that states a valid federal claim.   He is advised that an amended complaint replaces a previously filed complaint in the same case and must stand complete on its own.  The Court will refer only to the amended complaint, and not to prior complaints, to determine the claims and defendants in this case.  Plaintiff must thus state in the amended complaint all the claims he seeks to raise and the defendants he seeks to sue in this case.<br>    Plaintiff must write both the case number and the judge's name on the amended complaint and return the originally filled out and signed form and a copy for the judge and a service copy for each named defendant to the Prisoner Correspondent.  Plaintiff is advised to keep a copy for his files.  Plaintiff may request additional copies of an amended complaint form if needed to provide the Court with a sufficient number of copies.  Plaintiff is given 30 days from the date of this order to submit an amended complaint in addition to paying the filing fee.  Failure to comply with this order will result in dismissal of this case. |